UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICIO CLAROS, DAMARIS MUNOZ, NELSON MUNOZ, CRISTIAN MUNOZ, and MAURO CLAROS,<br><br>                Plaintiffs<br>   v.<br><br>MARVIN'S REFRIGERATION CORP., MARVIN TREJOS and GRELY MORENO GONZALEZ,<br><br>                Defendants. | Case No. 1:24-cv-1197 (ECC/PJE) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR A MORE DEFINITE STATEMENT
OR TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Respectfully submitted,

*/s/ Maureen Hussain*
MAUREEN HUSSAIN
CRISTINA BRITO
Worker Justice Center of New York
245 Saw Mill River Road, Suite 106
Hawthorne, NY  10532
(845) 331-6615
mhussain@wjcny.org
cbrito@wjcny.org

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………..……......1

LEGAL STANDARD…………………………………………………………………………..3

ARGUMENT……………………………………………………...…………………..…..…4

I.   THE COUNTERCLAIMS DO NOT SATISFY THE REQUIREMENT OF A SHORT AND PLAIN STATEMENT OF THE CLAIM. ................................................................................... 4

II.   DEFENDANTS HAVE NOT PLEADED SUFFICIENT FACTS TO ALLEGE BREACH OF CONTRACT. ........................................................................................................................ 6

III.   DEFENDANTS HAVE NOT PLEADED SUFFICIENT FACTS TO ALLEGE UNJUST ENRICHMENT. ................................................................................................................. 7

IV.   DEFENDANTS HAVE NOT PLEADED SUFFICIENT FACTS TO ALLEGE PROMISSORY ESTOPPEL. ............................................................................................... 9

CONCLUSION.……………………………………………………………………………….10

## PRELIMINARY STATEMENT

Plaintiffs Mauricio Claros and Damaris Munoz originally filed their Complaint on September 27, 2024, alleging 10 causes of action for Defendants' violations of the Trafficking Victims Protection Act (TVPRA), Fair Labor Standards Act (FLSA), New York Labor Law (NYLL), and New York Social Services Law, stemming from Plaintiffs' employment at Marvin's Refrigeration Corp., the commercial refrigeration business owned and managed by individual defendants Marvin Trejos and Grely Moreno Gonzalez. (Dkt. 1.) Defendants filed a motion to dismiss (Dkt. 13), and on January 10, 2025, Plaintiffs timely filed a First Amended Complaint (Dkt. 17), adding Nelson Munoz, Cristian Munoz, and Mauro Claros as plaintiffs as well as factual allegations. Defendants subsequently filed a second motion to dismiss. (Dkt. 27.) This Court granted Defendants' motion as to Plaintiffs' claims of involuntary servitude and peonage under the TVPRA, and denied it in all other respects. (Dkt. 33.) Defendants filed their Answer to the remaining claims on October 10, 2025 (Dkt. 39), in which they purported to assert at least two counterclaims.

As an initial matter, the number of counterclaims Defendants intend to assert is ambiguous. The pleading contains a section heading "Defendants' Counterclaim," suggesting that there is one counterclaim following in Paragraphs 172 and 173. Later on, however, the pleading contains the section headings "As and For a First Counterclaim" and "As and For a Second Counterclaim," Answer ¶¶ 181-186, suggesting that there are two total counterclaims, rather than the one referenced earlier, or perhaps three in total if Paragraphs 172-173 were intended to be a claim, Paragraphs 181-183 were intended to be a second, and Paragraphs 184-186 were intended to be a third. That Plaintiffs cannot discern how many counterclaims are asserted is enough to warrant a more definite statement by Defendants.

1

Second, Defendants' counterclaims do not clearly identify the source of law under which they purport to have a private right of action against Plaintiffs. Defendants fail to identify their causes of action. *See* Answer ¶¶ 172-186. Nor do they supply even the bare minimum of factual information needed to understand Defendants' purported claims so as to respond. *See id.* At the parties' Rule 26(f) conference, defense counsel were likewise unable to identify the legal nature of the claims. When Plaintiffs' counsel inquired whether there was a breach of contract claim, defense counsel said they were not sure and that it may be promissory estoppel. They indicated that they would follow up. To date, Defendants have provided no clarity about what causes of action they are attempting to assert. Instead, defense counsel have simply stated that they do not intend to amend and believe the counterclaims are sufficiently pleaded.

Third, regardless of their total number, the counterclaims all appear to relate to an alleged loan of $14,000 from Mr. Trejos and Plaintiffs' alleged failure to repay $6,000 of that purported loan. *See id.* ¶¶ 172-186. No particular conduct is alleged as to Ms. Moreno Gonzalez or Marvin's Refrigeration Corp. *See id.* Defendants provide no factual or legal basis to give Ms. Moreno Gonzalez or Marvin's Refrigeration Corp. standing to bring any claims against Plaintiffs.

Fourth, Defendants' pleading refers to Mr. Trejos's small claims action against Plaintiff Mauricio Claros and indicates that the dispute is being held in abeyance in that forum so that it can be resolved in this action.[1] *See* Answer ¶¶ 178-179. Defense counsel reiterated at the parties' Rule 26(f) conference that the counterclaims in the instant action were intended to assert the claims Mr. Trejos had initially brought in small claims court. But the complaint in the small claims action asserted that the total amount of the claim was $5,000, rather than $6,000, and that the basis for

---

[1] Defendants inaccurately claim that all "Defendants" commenced the action in small claims court. But Mr. Trejos is the sole plaintiff, and Mr. Mauricio Claros the sole defendant, in the Kingston City Court action.

2

the claim consisted of electric bills, cellular phones, and gas expenses. To the extent Defendants intended to incorporate Mr. Trejos's small claims allegations into their counterclaims, they are even more confusing and contradictory.

Plaintiffs now move for a more definite statement under Rule 12(e), or in the alternative, to dismiss the counterclaims for failure to state a claim, pursuant to Rule 12(b)(6).

## **LEGAL STANDARD**

Under Rule 12(e) of the Federal Rules of Civil Procedure, a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement should be granted where the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009); *Glenn v. Kelly Servs.*, 2025 U.S. Dist. LEXIS 17544, at *9-10 (D. Conn. Jan. 31, 2025) (granting motion for a more definite statement where there was no "clear statutory or common law basis" for the claims); *Wis. Province of Soc'y of Jesus v. Cassem*, 2018 U.S. Dist. LEXIS 229395, at *3 (D. Conn. May 24, 2018) ("Where a complaint alludes to a cause of action but does not actually allege such a claim, an amended pleading alleging that cause of action is appropriate.").

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party's claim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Courts evaluate a motion to dismiss a counterclaim under the same standard as a motion to dismiss a claim in a complaint." *ADYB Engineered for Life, Inc. v. Edan Admin. Servs. Ltd.*, 2021 U.S. Dist. LEXIS 59666, at *19 (S.D.N.Y. Mar. 29, 2021). To avoid dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell*

3

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (alteration in original) (quoting *Twombly*, 550 U.S. at 555). A complaint is insufficient where the factual allegations permit the court to infer only possibility, instead of plausibility. *Id.* at 679. The same standards apply in a motion to dismiss counterclaims. *See Levine v. Landy*, 860 F. Supp. 2d 184, 190 (N.D.N.Y. 2012); *Lopez v. M&G Tapas Rest. Corp.*, 2013 U.S. Dist. LEXIS 37149, *4-5 (S.D.N.Y. Mar. 18, 2013).

## ARGUMENT

### I. THE COUNTERCLAIMS DO NOT SATISFY THE REQUIREMENT OF A SHORT AND PLAIN STATEMENT OF THE CLAIM.

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants' barebones allegations contain insufficient information to allow Plaintiffs to understand the nature of their alleged claims or to reasonably prepare a response. None of Defendants' counterclaims identify the nature of the claim or a source of law. Plaintiffs are left to speculate what causes of action Defendants may have been attempting to plead. (*See* Dkt. 39 ¶¶ 172-186.) However, if Plaintiffs must speculate about the nature of the counterclaims, then Defendants have failed to fulfill the basic pleading requirements of the Federal Rules. Accordingly, Plaintiffs seek a more definite statement under Rule 12(e).

4

Defendants' pleading bears significant resemblance to the one in *Glenn v. Kelly Servs.*, in which the *pro se* plaintiff pleaded "seven short paragraphs" without "any clear statutory or common law basis for such claims." *Glenn*, 2025 U.S. Dist. LEXIS 17544, at *9-10. The *Glenn* Court granted the motion for a more definite statement, even though the plaintiff "refer[red] to Title VII in one paragraph and cite[d] cases in others," reasoning that "a mention of a cause of action is insufficient to constitute actual alleging of that cause of action." *Id*. The complaint in *Glenn* was found to lack "sufficient clarity to put each Defendant on sufficient notice of the claims against [them]," *id.*, which is the foundational purpose of a pleading and basic obligation of the party bringing the claim.

Here, Defendants are not proceeding *pro se*, and consequently the Court has no obligation to construe their pleading liberally. There is no reason for the number or nature of their causes of action to remain mysterious. Moreover, although Defendants have asserted the counterclaims collectively, Mr. Trejos is the only defendant alleged to have loaned money to Plaintiffs or to have any other factual connection to Defendants' counterclaims. *See* Answer ¶ 174. Defendants have provided no factual or legal basis on which they can contend that Marvin's Refrigeration Corp. or Ms. Moreno Gonzalez have standing to hold Plaintiffs liable for any claim.

Defendants also reference Mr. Trejos's small claims action against Mr. Mauricio Claros, without explaining how to square the conflicting allegations in that action with the allegations in their counterclaims here. In the small claims action, Mr. Trejos alleges that Mr. Mauricio Claros owes him $5,000 for electric bills, cell phone expenses, and gas expenses. Yet now, all three Defendants have inexplicably made collective allegations against all five Plaintiffs, for a higher amount of money, and for a different purpose. Plaintiffs dispute the veracity of Defendants' allegations both in small claims court and in this case. But Defendants' collective allegations are

5

so confusing and contradictory that Plaintiffs cannot fairly respond.

Plaintiffs request that Defendants be ordered to make a more definitive statement to provide sufficient notice about the causes of action they are asserting so that Plaintiffs can fairly respond.

## II. DEFENDANTS HAVE NOT PLEADED SUFFICIENT FACTS TO ALLEGE BREACH OF CONTRACT.

It is unclear whether Defendants intended to assert a breach of contract claim. At the parties' Rule 26(f) conference, defense counsel were uncertain. To the extent they have attempted to assert such a claim, it should be dismissed pursuant to Rule 12(b)(6).

To state a claim for breach of contract, a plaintiff must plead "(1) the existence of a contract between itself and [the] defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Ross Stores, Inc. v. Lincks*, 2013 U.S. Dist. LEXIS 144761, at *6 (S.D.N.Y. Oct. 4, 2013) (citing *Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42 (2d Cir. 2011)). Defendants' counterclaims fail to meet this standard.

Defendants do not allege that there was a contract, whether oral or written, between the parties, nor do they specify the material terms from which an agreement could be reasonably inferred. They allege only that Defendant Trejos loaned Plaintiffs $14,000 in cash, that Plaintiffs agreed to repay that in weekly installments, and that Plaintiffs repaid Defendants $8,000 and refused to repay the remaining $6,000. Answer ¶¶ 174-177. Defendants do not allege that any plaintiff, let alone each of them, became a party to an agreement with any defendant, promised to pay any particular amount beginning at any particular time, or agreed to the accrual of interest. *See Lim v. Radish Media Inc.*, 2023 U.S. App. LEXIS 5706, at *3 (2d Cir. 2023) ("Plaintiff fails to sufficiently plead the existence of a contract because he does not provide factual allegations regarding, *inter alia*, the formation of the contract, the date it took place, and the contract's major

6

terms . . ."). Defendants do not allege an exchange of consideration that would render a contract enforceable.

Likewise, Defendants do not adequately plead that there was a breach of a contract between the parties. Defendants allege only that "Plaintiffs have failed and refused to repay" the $6,000 Defendants claim as a balance. Answer ¶¶ 177, 183. But there is no factual information from which to infer that any payment from Plaintiffs to Defendants was due and owing, or that the terms of an agreement were otherwise breached by Plaintiffs. *See Lim*, 2023 U.S. App. LEXIS 5706, at *4 (noting the plaintiff had failed to provide factual allegations concerning the date or manner of breach).

Finally, Defendants do not allege the time frame for performance of any agreement and do not allege whether any such agreement was in writing. Defendants have thus failed to allege sufficient facts from which to infer that any purported agreement would be enforceable under New York's Statute of Frauds. *See* N.Y. Gen. Obligations L. § 5-701; *see also Lim*, 2023 U.S. App. LEXIS 5706, at *4 (noting that the plaintiff's breach of contract claim was barred by the statute of frauds).

To the extent any of Defendants' counterclaims is for breach of contract, it should be dismissed for failure to state a claim.

### III. DEFENDANTS HAVE NOT PLEADED SUFFICIENT FACTS TO ALLEGE UNJUST ENRICHMENT.

Though as detailed above, no causes of action are identified, Defendants allege that Plaintiffs "have been unjustly enriched by retaining the funds lent by Defendants without repayment." Answer ¶ 185. To the extent this is an attempt to plead a cause of action for unjust enrichment, the claim should be dismissed under Rule 12(b)(6).

The basic elements of an unjust enrichment claim are that (1) the defendant was enriched,

7

(2) at the plaintiff's expense, and (3) "equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Pauwels v. Deloitte LLP*, 83 F.4th 171, 186 (2d Cir. 2023). The New York Court of Appeals has observed that "[t]he theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." *Goldman v. Metropolitan Life Insurance Co.*, 5 N.Y.3d 561, 572 (2005); *see In re First Central Financial Corp.*, 377 F.3d 209, 213 (2d Cir. 2004). Moreover, a plaintiff cannot recover damages that are "dependent upon an oral agreement otherwise barred by the Statute of Frauds." *Lim*, 2023 U.S. App. LEXIS 5706, at *5.

Here, the crux of Defendants' allegations is that Plaintiffs have failed to repay what they "expressly agreed" to repay. *See* Answer ¶ 175. These allegations foreclose an equitable claim of unjust enrichment. Defendants cannot purport to base a claim of unjust enrichment on an express agreement between the parties, as such a claim lies only where there is "an obligation the law creates *in the absence of any agreement*." *Goldman*, 5 N.Y.3d at 572 (emphasis added). Moreover, there are no facts alleged from which it could be inferred that Plaintiffs were enriched at the expense of Ms. Moreno Gonzalez or Marvin's Refrigeration Corp., and there are no allegations concerning why the equities are in any defendant's favor. There is nothing beyond a conclusory statement that "[i]t would be unjust and inequitable for Plaintiffs to retain the benefit of said funds without compensating Defendants for the same." Answer ¶ 186. Such barebones, conclusory statements "are not entitled to the assumption of truth" on a motion to dismiss. *Iqbal*, 556 U.S. at 679.

To the extent any of Defendants' counterclaims is for unjust enrichment, it should be dismissed for failure to state a claim.

## IV.     DEFENDANTS HAVE NOT PLEADED SUFFICIENT FACTS TO ALLEGE PROMISSORY ESTOPPEL.

At the parties' Rule 26(f) conference, one of Defendants' attorneys suggested that they may have intended to assert a cause of action for promissory estoppel. To the extent any of Defendants' counterclaims can be construed as such, it should be dismissed for failure to state a claim under Rule 12(b)(6).

To state a claim for promissory estoppel, a plaintiff must allege (1) a "clear and unambiguous promise," (2) "reasonable and foreseeable reliance by the party to whom the promise [was] made," and (3) "injury sustained by the party asserting the estoppel by reason of the reliance." *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995). "Vague and indefinite promises are not actionable under a theory of promissory estoppel." *Ne. Plastic Surgery PLLC v. BlueCross BlueShield of Ill.*, 2025 U.S. Dist. LEXIS 76188, at *3 (S.D.N.Y. Apr. 22, 2025) (citing *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 203 (S.D.N.Y. 2023)). Defendants have not sufficiently pleaded any of the elements of a claim for promissory estoppel.

Defendants allege that "Plaintiffs expressly agreed to repay Defendants the full amount of $14,000 in weekly installments." Answer ¶ 175. However, where there are five plaintiffs, three defendants, and one purported loan, this single statement does not evidence a "clear and unambiguous promise" from any particular plaintiff, or group of plaintiffs, to any particular defendant, or group of defendants. Nor is there any factual basis from which to infer joint and several liability. Even apart from the issue of who is alleged to have made a promise to whom, the content of any such promise is far from "clear and unambiguous." Defendants do not allege any particular amount that any plaintiff agreed to pay any defendant on a weekly basis, or when any such repayment was supposed to begin. Defendants' failure to plead sufficient facts to allege a

9

"clear and unambiguous promise" alone warrants dismissal of this claim.

But Defendants have also failed to allege any facts suggesting that they reasonably and foreseeably relied on any promise by Plaintiffs, or that they sustained any injury as a result of such reliance. *See* Answer ¶¶ 172-186.

Finally, Defendants fail to allege that any promise was made in writing or the time frame for any alleged promise to repay. The Statute of Frauds renders any promise void when, *inter* alia, it is not to be performed within one year or is a promise to answer for another person's debt. N.Y. Gen. Obligations L. § 5-701(a).

## CONCLUSION

Defendants' counterclaims are so vague and ambiguous that Plaintiffs cannot reasonably prepare a response to them. The Court should require Defendants to make a more definite statement. In the alternative, the Court should dismiss the counterclaims for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Maureen Hussain*
MAUREEN HUSSAIN
CRISTINA BRITO
Worker Justice Center of New York
245 Saw Mill River Road, Suite 106
Hawthorne, NY 10532
(845) 331-6615
mhussain@wjcny.org
cbrito@wjcny.org

*Attorneys for Plaintiffs*