**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MAURICIO CLAROS, DAMARIS MUNOZ,
NELSON MUNOZ, CRISTIAN MUNOZ, and
MAURO CLAROS,

             Plaintiffs,

v.

MARVIN'S REFRIGERATION CORP.,
MARVIN TREJOS, and GRELY MORENO
GONZALEZ,

             Defendants.

        1:24-cv-1197
        (ECC/PJE)

---

Maureen Hussain, Esq., *for Plaintiffs*
Regina E. Faul, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Mauricio Claros, Damaris Munoz, and their sons Nelson Munoz, Cristian Munoz, and Mauro Claros (collectively Plaintiffs) brought this action against Marvin's Refrigeration Corp. (Marvin's), Marvin Trejos, and Grely Moreno Gonzalez (collectively Defendants) alleging claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., the civil remedies portion of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a), and New York law.  Presently before the Court is Defendants' motion for reconsideration of the Court's September 16, 2025 Memorandum-Decision and Order (the Decision), granting in part and denying in part Defendants' motion to dismiss.  Dkt. No. 37.  The motion for reconsideration is fully briefed.  Dkt. Nos. 37-1, 40.  For the following reasons, Defendants' motion is denied.

## I.    LEGAL STANDARD

Local Rule 60.1 provides that a party may file a motion for reconsideration within fourteen days from the date a judgment, order, or decree is entered.  N.D.N.Y. L.R. 60.1.  As a general matter, "reconsideration is warranted where the moving party can show the court 'overlooked' facts or controlling law that 'might reasonably be expected to alter the conclusion reached by the court.'"  *Zhang v. Ichiban Grp., LLC*, No. 17-cv-00148, 2022 WL 813956, at *1 (N.D.N.Y. Mar. 17, 2022) (quoting *Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The standards governing motions for reconsideration are necessarily strict to prevent litigants from rehashing the same issues that have already been carefully considered by the district court in the prior ruling."  *Graber v. Cayuga Home for Child.*, No. 5:24-cv-468, 2025 WL 330492, at *1 (N.D.N.Y. Jan. 29, 2025) (citing *Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022)); *see also Analytical Survs. Inc. v. Tonga Partners L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[S]uch a motion 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]'").

"In this district, there are only three circumstances under which a court will grant a motion for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice.'"  *Wright v. Martin, Harding & Mazzotti, LLP*, No. 1:22-cv-515 (MAD/ML), 2024 WL 2399906, at *2

(N.D.N.Y. May 23, 2024) (citing *Lewis v. Martinez*, No. 9:15-cv-55, 2019 WL 2105562, at \*1 (N.D.N.Y. May 14, 2019)).

## II.    ANALYSIS

Although Defendants do not articulate which of the three permissible grounds for reconsideration support their motion, they appear to rely on the need to correct a clear error of law (given that they do not identify an intervening change of controlling law or newly available evidence). Defendants argue that the Decision "did not fully consider the dispositive impact of Plaintiffs' failure to allege sufficient facts." Defendants' Memorandum of Law (Def. Mem.) at 5, Dkt. No. 37-1.[1] Specifically, Defendants argue that (1) the Amended Complaint contains "contradictions that preclude the inferences drawn by the Court and that render Plaintiffs' entitlement to relief implausible," *id.* at 6-8, (2) Plaintiffs failed to sufficiently plead facts alleging Defendants "intended to cause serious harm" under the TVPRA, *id.* at 8-12, (3) the Court "misinterpreted the pleading requirements" for liability for labor trafficking under 18 U.S.C. § 1590, *id.* at 12-13, and (4) the Court "misstated Plaintiffs' allegations" regarding the New York labor trafficking claim under New York Penal Law § 135.35, *id.* at 14-15. Plaintiffs respond that Defendants have not established a permissible basis for reconsideration, and instead seek to "relitigate issues that were already decided, and—in any event—that the challenged portions of the [Decision] were correct." Plaintiffs' Memorandum of Law (Pl. Mem.) at 3-4, Dkt. No. 40.

As Plaintiffs point out, the factual allegations in the Amended Complaint are not contradictory when all reasonable inferences are drawn in Plaintiffs' favor as required when deciding a motion to dismiss for failure to state a claim. *See Lynch v. City of New York*, 952 F.3d

---

[1] Unless otherwise noted, citations to page numbers refer to pagination generated by the ECF system.

67, 74-75 (2d Cir. 2020); Pl. Mem. at 4-5.  Viewing Plaintiffs' plausible, nonconclusory allegations as true and drawing all reasonable inferences in their favor, there is no clear error, and the Court will not reconsider the Decision on this ground.

In addition, the Court did not commit clear error in evaluating Plaintiffs' claim for forced labor liability under the relevant portion of the TVPA, 18 U.S.C. § 1589.  Defendants argue that § 1589 requires that an employer intend to cause serious harm to an employee.  The authorities that Defendants cite do not support their position.  The scienter required by § 1589(a) is that an employer "knowingly" coerce labor through certain means.  *See United States v. Zhong*, 26 F.4th 536, 561 (2d Cir. 2022).  For a claim under § 1589(a)(4), the labor must be obtained "by means of any scheme, plan, or pattern intended to cause the [employee] to believe" that the employee will suffer serious harm if they do not work, while for a claim under § 1589(a)(2),  the labor must be obtained "by means of serious harm or threats of serious harm."  Neither subsection requires that an employer intend to actually cause serious harm to an employee.

Moreover, the Decision concluded that Plaintiffs alleged threats of serious financial harm through factual allegations of an alleged debt and Defendant Trejos's repeated threats to make Plaintiffs "pay" if they left.  Decision at 7-9.  The Decision determined that the allegations regarding Plaintiffs' isolation and living conditions lent plausibility to Plaintiffs' claim that they found threats to enforce the "debt" sufficiently coercive that they would "compel a reasonable person in [the victim's] position to remain in [the employer's] employ, against [their] will . . . in order to avoid such threats of harm, when [they] otherwise would have left." *Zhong*, 26 F.4th at 561 (quotation omitted).  Further, Plaintiffs did, in fact, allege a threat that was inferentially

connected with the alleged debt.  Accordingly, because Defendants have failed to establish clear error, the Court will not reconsider the Decision on this ground.

Further, the Court did not clearly err in interpreting the requirements for liability for labor trafficking under 18 U.S.C. § 1590.  As articulated by the Second Circuit in *Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, 94 (2d Cir. 2019), and quoted by this Court in the Decision and by Defendants in prior briefing, *see* Dkt. No. 28-1 at 11,"'[I]f a defendant violates [§]1589, he also violates [§] 1590,' so long as the defendant obtains the victim's forced labor."   In other words, if a defendant violates § 1589, he or she also violates § 1590, so long as he or she knowingly "recruits, harbors, transports, provides, or obtains by any means" the person whose labor is coerced.  18 U.S.C. § 1590(a).  Plaintiffs adequately alleged that Defendants "obtain[ed] by any means" Plaintiffs for labor in violation of 18 U.S.C. § 1589.  As pointed out by Plaintiffs, the Decision was not based on implausible or conclusory allegations, but was instead based on portions of the Amended Complaint asserting at least one of the required grounds of "recruit[ing], harbor[ing], transport[ing], provid[ing], or obtain[ing]" Plaintiffs, in violation of 18 U.S.C. § 1589. Accordingly, the Court will not reconsider the Decision on this ground.

Finally, the Court did not misstate Plaintiffs' allegations relating to their New York labor trafficking claim.  Plaintiffs were not required to use the word "fraud" to assert this claim.  Instead, as stated in the Decision, Plaintiffs avoided legal conclusions and alleged specific facts that, when viewed as true and with all reasonable inferences drawn in their favor, are sufficient to show at this early stage of the litigation that Defendants "compel[led] or induc[ed] another to engage in labor . . . by means of intentionally . . . requiring that the labor be performed to retire, repay, or service a real or purported debt," and that Defendants caused "by a systematic ongoing course of

conduct with intent to defraud." N.Y. Penal Law § 135.35. Therefore, Defendants did not establish clear error on this argument.

Given that Defendants failed to establish clear error on any ground, any intervening change of controlling law, or any newly available evidence, the motion for reconsideration is denied in its entirety.

## III.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion for reconsideration, Dkt. No. 37, is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 20, 2026

Elizabeth C. Coombe
U.S. District Judge